**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| CAROL SUE BAKER, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| *versus* | § | CASE NO. 4:12-CV-478 |
| | § | |
| CHARLES CARTER, | § | |
| | § | |
| Appellee. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is an appeal from an order issued by the United States Bankruptcy Court for the Eastern District of Texas denying Appellant Carol Sue Baker's ("Baker") Motion for Leave to File Second Amended Complaint and granting Appellee Charles Carter's ("Carter") Motion to Dismiss. *See* No. 12-4015 (Bankr. E.D. Tex. June 12, 2012), ECF No. 18. Having reviewed the order, the record, the submissions of the parties, and the applicable law, the court is of the opinion that the bankruptcy court's decision should be reversed in part.

I.     Background

This dispute concerns an adversary proceeding arising out of Carter's bankruptcy. On November 2, 2011, Carter filed for Chapter 7 bankruptcy protection. *See In Re Charles Carter*, Case No. 11-43358 (E.D. Tex. Nov. 2, 2011). The meeting of creditors took place on November 28, 2011. Pursuant to Federal Rule of Bankruptcy Procedure 4007, the deadline to file a complaint to determine the dischargeability of a debt or to object to discharge was January 27, 2012.

On January 23, 2012, Baker, acting without the assistance of an attorney, sent a letter to the bankruptcy court. In the letter, Baker asked the bankruptcy court to "accept this as my Letter

of Objection for Dismissal . . . ."  She stated that Carter owed her over $1,000,000.00 on two

promissory notes and that Carter borrowed money from a life insurance policy securing the notes

without her permission.  Attached to the letter were the following documents:  Baker's proof of

claim, copies of the two promissory notes, account statements reflecting the balance on each note,

letters from the Charles Carter Company informing Baker of changes in interest payments on the

notes, documents related to a Mass Mutual life insurance policy against which Carter borrowed,

and documents showing that Baker held an interest in the promissory note executed in favor of her

son Dan Baker.[1]  The letter did not contain a prayer for relief.  Instead, it stated that Baker

"believe[d] discovery of the facts regarding this bankruptcy will assist myself and other creditors

to challenge the debtor's discharge and our claim to the assets of this bankruptcy estate."

Although it alleged some facts, Baker's letter did not cite any law, state the basis for her

objection, or state whether she objected to Carter's discharge in its entirety or only to the

dischargeability of specific debts.  The clerk nevertheless docketed the letter as a complaint.[2]  The

next day, January 24, 2012, the bankruptcy judge entered an order (the "Restatement Order")

requiring Baker to restate her complaint and properly serve Carter.  The Restatement Order

specified that the bankruptcy court "had accepted [the] correspondence as a complaint, *as a*

*temporary measure only*, for the purpose of meeting a deadline for the filing of a complaint to

determine the dischargeability of a particular debt or as a general objection to discharge."

(emphasis in original).  It also requested that Baker specify whether she was objecting to the

---

[1] These documents indicate that Dan Baker died and that his will devised all of his property and assets to Baker.

[2] *See* FED. R. CIV. P. 5(d)(4); FED. R. BANKR. P. 7005 ("The clerk must not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or by any local rule or practice.").

dischargeability of particular debts or lodging a general objection to discharge.  In addition, the

Restatement Order required Baker to do the following:

(1)     within 21 days of the entry of this Order, restate the Plaintiff's claims in a proper form of complaint that states in short and plain terms the precise legal relief sought by the Plaintiff and the factual basis upon which that claim for relief rests and file such complaint with the Court utilizing the [appropriate case caption];

(2)     provide, upon filing of the restated complaint, for the issuance by the Court of a summons to the Defendant, Charles Carter;

(3)     thereafter effect service of the complaint and the summons on such Defendant in the proper manner and within the time constraints of FED. R. BANKR. P. 7004(e); and

(4)     thereafter file proof of service demonstrating that the complaint and the summons issued to the Defendant in this cause were properly served within fourteen (14) days of the issuance of such summons to the Defendant, pursuant to FED. R. BANKR. P. 7004.

After outlining these directives, the Restatement Order stated, in boldface type and in all caps, that

failure to comply with them in a prompt manner would result in dismissal of the adversary

proceeding "without further notice of hearing."

Baker attempted to comply with the Restatement Order by filing a second letter on

February 14, 2012, which the court accepted as her first amended complaint.  In it, Baker

responded to the court's request for a clarification about the nature of her objection to discharge

by stating that she sought "to declare an objection to discharge of every debt as non-

dischargeable."  She also repeated the allegation that Carter owed her money on two promissory

notes and that Carter borrowed money on a life insurance policy intended to secure his debts to

her.  She provided additional detail regarding the notes' interest terms as well as the

representations Carter allegedly made about the status of Baker's investment funds.  As with the

3

original complaint, the first amended complaint did not state a readily identifiable claim for relief; rather, it expressed Baker's desire to obtain more information about the financial situation of Carter's business enterprises. In short, the second letter failed to comply with paragraph (1) of the Restatement Order.[3]

Carter never filed an answer or other responsive pleading. Instead, on March 27, 2012, he filed a motion to dismiss Baker's first amended complaint arguing that it failed to satisfy the pleading requirements of Federal Rules of Civil Procedure 8 and 9. On April 11, 2012, Baker, assisted by counsel, filed a Motion for Leave to File Second Amended Complaint and a response to Carter's motion to dismiss. The newest complaint presented, in the proper format, new factual allegations and brought new claims under 11 U.S.C. §§ 523(a)(2), (4), (6), and (19). Carter later filed an objection and brief opposing Baker's motion for leave.

On June 11, 2012, the bankruptcy court entered an order (the "Dismissal Order") denying Baker's motion for leave and granting Carter's motion to dismiss. Because leave to amend was denied, the first amended complaint remained the operative pleading in the proceeding. Given the serious deficiencies of that pleading, the court held that it "failed to state a claim for which relief may be granted."

Baker later appealed the court's decision citing multiple grounds for why the bankruptcy court erred both in denying the motion for leave and in granting the motion to dismiss.

---

[3] Baker procured a summons and attempted to serve Carter with the summons and a copy of the first amended complaint by sending it to the Collin County Sheriff's Office on February 23, 2012. According to Baker, Carter avoided service until March 2, 2012, by which time the service of process was untimely under FED. R. BANKR. P. 7004. The bankruptcy court made no mention of this issue when it dismissed Baker's action with prejudice, and the court need not consider the issue here.

II.    <u>Analysis</u>

    A.    <u>Standard of Review on Bankruptcy Appeals</u>

District courts have jurisdiction to hear appeals from "final judgments, orders, and decrees" and, with leave of the court, "other interlocutory orders and decrees" of bankruptcy judges.  28 U.S.C. § 158(a).  Pursuant to 28 U.S.C. § 158(c)(2), an appeal from the bankruptcy court to the district court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts . . . ."  *Id.*  Therefore, "when reviewing a bankruptcy court's decision in a 'core proceeding,' a district court functions as a[n] appellate court."  *Webb v. Reserve Life Ins. Co. (In re Webb)*, 954 F.2d 1102, 1103-04 (5th Cir. 1992); *accord Perry v. Dearing (In re Perry)*, 345 F.3d 303, 308-09 (5th Cir. 2003); *In re S. White Transp., Inc.*, 473 B.R. 695, 698 (S.D. Miss. 2012).  In reviewing a decision of the bankruptcy court, Rule 8013 of the Federal Rules of Bankruptcy Procedure requires the court to accept the bankruptcy court's findings of fact unless clearly erroneous and to examine *de novo* the conclusions of law.  *See In re Halo Wireless, Inc.*, 684 F.3d 581, 586 (5th Cir. 2012); *Drive Fin. Servs., L.P. v. Jordan*, 521 F.3d 343, 346 (5th Cir. 2008); *Texas v. Soileau (In re Soileau)*, 488 F.3d 302, 305 (5th Cir. 2007).  A finding of fact is clearly erroneous when although there is evidence to support it, the reviewing court is left with a firm and definite conviction that a mistake has been committed.  *See Bertucci Contracting Corp. v. M/V ANTWERPEN*, 465 F.3d 254, 258-59 (5th Cir. 2006); *see In re Perry*, 345 F.3d at 309 (quoting *Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 701 (5th Cir. 2003)).

A bankruptcy court's denial of a motion for leave to amend a complaint is reviewed for abuse of discretion.  *Waldron v. Adams & Reese, L.L.P. (In re Am. Int'l Refinery, Inc.)*, 676 F.3d

455, 466-67 (5th Cir. 2012). The bankruptcy court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, however, is reviewed *de novo*. *Carroll v. Fort James*, 470 F.3d 1171, 1173 (5th Cir. 2006).

B.     Denial of the Motion for Leave to Amend

The court below gave three reasons for denying Baker's motion for leave to file an amended complaint:  (1) Baker had already been given an opportunity to cure the deficiencies in her complaint and "failed to do so"; (2) amendment would be futile because the allegations in the second amended complaint would not "relate back" to the timely-filed original complaint; and (3) allowing Baker to amend would prejudice Carter by undermining the "salutary result of bringing finality to the bankruptcy proceeding that the strict deadlines under Rules 4004 and 4007 seek to achieve."

Before reaching those issues, however, the court must examine whether Baker was entitled to amend her complaint as a matter of right under Federal Rule of Civil Procedure 15(a)(1), which provides the following:

(1)     *Amending as a Matter of Course*.  A party may amend its pleading once as a matter of course within:

(A)     21 days after serving it; or

(B)     if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

FED. R. CIV. P. 15(a), *made applicable by* FED. R. BANKR. P. 7015.  A complaint is a pleading to which a responsive pleading is required.  *See* FED. R. CIV. P. 7(a)(2), *made applicable by* FED. R. BANKR. P. 7007.  Thus, a plaintiff may amend her complaint as a matter of right within 21 days

6

of being served either with a responsive pleading, such as an answer, or a Rule 12 motion, such as a motion under Rule 12(b)(6).

The right to amend a complaint as a matter of course can be waived or limited in certain circumstances. Courts have found that the right is waived if a plaintiff tries to amend her complaint after it has been dismissed. *See Whitaker v. City of Houston,* 963 F.2d 831, 835 (5th Cir. 1992) (adopting the rule that a plaintiff forfeits her right to amend as a matter of course if the court dismisses the action before an amendment is filed). Also, some courts, but not the United States Court of Appeals for the Fifth Circuit, have held that filing a motion for leave under Rule 15(a)(2) forfeits the right to amend as a matter of course. *Compare Coventry First, LLC v. McCarty*, 605 F.3d 865, 869-70 (11th Cir. 2010) (a plaintiff's choice to file a motion to amend waives her right to amend as a matter of course) *with Vernell ex rel. Vernell v. U.S. Postal Serv.*, 819 F.2d 108, 110 (5th Cir. 1987), *overruled on other grounds by McGuire v. Turnbo*, 137 F.3d 321 (5th Cir. 1998) ("When a plaintiff who has a right to amend nevertheless petitions the court for leave to amend, the court should grant that petition."). Further, in *Aguilar v. Texas Department of Criminal Justice*, the Fifth Circuit found no abuse of discretion when the lower court denied a motion to amend that otherwise would have been allowed as a matter of course because the co-plaintiffs had not signed the proposed amended complaint. 160 F.3d 1052, 1053-54 (5th Cir. 1998), *cert. denied*, 528 U.S. 851 (1999).

Unlike the parties in those cases, however, Baker was ordered by the court to restate—or amend—her complaint.[4] As a result, Baker is more similarly situated to the plaintiff who sought

---

[4] Indeed, the bankruptcy court styled Baker's second letter as her first amended complaint.

leave to amend in *Horton v. Cockrell*, 70 F.3d 397, 402 (5th Cir. 1995).   There, Horton, an inmate proceeding *in forma pauperis*, was twice ordered by a magistrate judge to supplement his pleadings with additional information about his suit.   *Id.* at 399.   After amending his pleadings in response to the court's orders, Horton sought to amend his complaint within the time period established by Rule 15(a)(1).   *Id.* at 402.   The magistrate judge denied his request, but the Fifth Circuit reversed and explained its decision as follows:

> Although Horton had amended his complaint in response to the magistrate judge's order, *this was his first request to amend his complaint on his own initiative*.   It would appear then that the district court abused its discretion in denying the plaintiff leave to amend.   On remand, the court should allow Horton to file his amended complaint.

*Id.* (emphasis added).

Here, Baker's first request to amend her complaint on her own initiative was the Motion for Leave to File Second Amended Complaint.   Because she sought to amend her pleading within 21 days of being served with Carter's Rule 12(b)(6) motion, she had the right to amend as a matter of course.   Although she was not required to obtain leave to file the second amended complaint, the court nonetheless should have granted the motion.   *Vernell*, 819 F.2d at 110.   Accordingly, the court finds that the bankruptcy court abused its discretion by denying Baker's Motion for Leave to File Second Amended Complaint.

C.      Dismissal under Rule 12(b)(6)

Although the court finds that the bankruptcy court abused its discretion by denying Baker's Motion for Leave to Amend, the court must review separately whether the bankruptcy court acted

8

properly in dismissing Baker's action.[5]  A motion to dismiss for failure to state a claim upon which

relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests only the

formal sufficiency of the statement of a claim for relief and is "appropriate when a defendant

attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United

States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002).  It is not a

procedure for resolving contests about the facts or the merits of a case.  *See* 5A CHARLES A.

WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE:  CIVIL 2d § 1356, at 294

(1990).  In ruling on such a motion, the court must accept the factual allegations of the complaint

as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in

favor of the plaintiff.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other

grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *In re S. Scrap Material Co., LLC*, 541

F.3d 584, 587 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 1669 (2009); *Lovick v. Ritemoney Ltd.*,

378 F.3d 433, 437 (5th Cir. 2004); *Ramming*, 281 F.3d at 161.  Nevertheless, "the plaintiff's

complaint [must] be stated with enough clarity to enable a court or an opposing party to determine

whether a claim is sufficiently alleged." *Ramming*, 281 F.3d at 161 (citing *Elliott v. Foufas*, 867

---

[5] In her brief, Baker states that the bankruptcy court appeared to have dismissed her complaint under Federal Rule of Civil Procedure 41(b) for failure to comply with the Restatement Order.  *See* FED. R. CIV. P.  41(b) ("If the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action or any claim against it.").      The court, however, does not agree with Baker's interpretation of the Dismissal Order.  The Dismissal Order cited only to the standard established by Rule 12(b)(6) and stated that the action was dismissed because the first amended complaint "failed to state a claim for which relief may be granted."  Furthermore,  although the Dismissal Order mentions that Baker failed to comply with the Restatement Order, it makes no finding relating to "contumacious conduct" or any other grounds required to support dismissal under Rule 41(b).  *See Di Ferrante v. Young (In re Young)*, 416 F. App'x 392, 398 (5th Cir. 2011) ("'[D]ismissal under [Rule] 41(b) for failure to comply with an order of the district court is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.'" (quoting *Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978))).  Therefore, the court will review the grant of the motion to dismiss only under the standard established by Rule 12(b)(6).

9

F.2d 877, 880 (5th Cir. 1989)).  The "[f]actual allegations must be enough to raise a right to relief

above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord*

*Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007); *In re Katrina Canal Breaches Litig.*, 495

F.3d 191, 205 (5th Cir. 2007)*, cert. denied*, 552 U.S. 1182 (2008).

      Generally, the court may not look beyond the four corners of the plaintiff's pleadings.  *See*

*Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d

190, 196 (5th Cir. 1996); *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992).  The

court, may, however, consider "documents attached to the complaint, and any documents attached

to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star*

*Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

      "'A motion to dismiss under rule 12(b)(6) "is viewed with disfavor and is rarely

granted."'" *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (quoting *Collins*,

224 F.3d at 498 (quoting *Kaiser Aluminum & Chem. Sales, Inc.*, 677 F.2d at 1050)); *accord*

*Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009); *Lormand v. US*

*Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).  "'The question therefore is whether in the

light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint

states any valid claim for relief.'"  *Collins*, 224 F.3d at 498 (quoting 5A CHARLES A. WRIGHT &

ARTHUR R. MILLER, *supra*, § 1357, at 332-36); *accord Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d

242, 247 (5th Cir. 1997).  "In other words, a motion to dismiss an action for failure to state a

claim 'admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based

upon those facts.'" *Ramming*, 281 F.3d at 161-62 (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l,*

*Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992)).

A Rule 12(b)(6) motion to dismiss must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure. *Twombly*, 550 U.S. at 555. Accordingly, a district court should not dismiss a complaint for failure to state a claim unless a plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *accord Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (citing *Twombly*, 550 U.S. at 556); *Harold H. Huggins Realty, Inc.*, 634 F.3d at 796. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. In other words, to state a cognizable cause of action, the complaint must allege sufficient facts to "nudge" the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

1.   The Bankruptcy Court's Holding

Here, the bankruptcy court held that the first amended complaint was the operative pleading and that it failed to state a claim upon which relief could be granted. It dismissed the action with prejudice on that ground without considering whether the second amended complaint stated a claim under Rule 12(b)(6). Nevertheless, this court is free to consider other grounds upon which the bankruptcy court's decision could be affirmed. *See S.E.C. v. Res. Dev. Int'l, LLC*, 487

11

F.3d 295, 302-03 (5th Cir. 2007) (citing *Harris v. United States*, No. 01-20543, 2002 WL 760887, at *1 (5th Cir. Apr. 17, 2002)).  Thus, if the second amended complaint also fails to state a claim upon which relief could be granted, this court may affirm the bankruptcy's court's ruling.

2.    Relation Back of the Second Amended Complaint

Accordingly, the court will examine whether dismissal under Rule 12(b)(6) was proper pursuant to the "relation back" provision of Rule 15(c) of the Federal Rules of Civil Procedure. *See Mayle v. Felix*, 545 U.S. 644, 648 (2005); *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 474 (5th Cir. 1989); *see also Sanders-Burns v. City of Plano*, 594 F.3d 366, 372 (5th Cir. 2010); *Hennelly v. Greenwood Cent. Sch. Dist.*, No. 02-CV-6398P, 2004 WL 1570277, at *3 (W.D.N.Y. June 29, 2004).  Rule 15(c)(1) states that an amended pleading relates back to the date of the original pleading if the following requirements are satisfied:

(A)    the law that provides the applicable statute of limitations allows relation back;

(B)    the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C)    the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i)    received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii)    knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

*See Sanders-Burns*, 594 F.3d at 372-73.

12

Here, the "relation back" doctrine is critical because it ultimately determines whether Baker's second amended complaint should be dismissed as futile. If the second amended complaint does not relate back to the date the original complaint was filed, January 23, 2012, it would be untimely for having been filed outside the 60-day deadline established in Rule 4007. FED. R. BANKR. P. 4007. In that situation, amendment would be futile because the untimely complaint would be subject to dismissal. *See The Cadle Co. v. Riggert (In re Riggert)*, 399 B.R. 453, 459-62 (Bankr. N.D. Tex. 2009) (refusing to grant leave to amend on grounds of futility because amended complaint did not relate back to timely original complaint and, thus, would be untimely under 60-day deadline established by the similarly-worded Rule 4004). If, however, the second amended complaint relates back to the original complaint, it would be timely and, therefore, amendment would not be futile. *See Matter of Bercier*, 934 F.2d 689, 693 n.7 (5th Cir. 1991) (noting that "[c]ourts have applied Fed. R. Civ. P. 15(c) to amended complaints filed after the Rule 4007(c) sixty-day period for filing complaints has expired."); *Cardiovascular Surgery of Alexandra, LLC v. Kerry ("Kerry")*, No. 10-1003, 2011 WL 672244, at *4-6 (W.D. La. Feb. 17, 2011).

Thus, the relevant question here is whether, under Federal Rule of Civil Procedure 15(c)(1)(B), Baker's amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1)(B); FED. R. BANKR. P. 7015. "This standard is measured not by 'the caption given a particular cause of action, but . . . the underlying facts upon which the cause of action is based.'" *Kerry*, 2011 WL 672244, at *3 (quoting *Johnson v. Crown Enters., Inc.*, 398 F.3d 339, 342 (5th Cir. 2005)); *see also Mayle*, 545 U.S. at 664. In other words, "[t]he permissibility of

13

an amendment does not depend on the legal theory offered, and instead relates back notwithstanding that the proffered amendment offers a new legal theory." *Kerry*, 2011 WL 672244, at *3.  Accordingly, an amended complaint will not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650.

Several courts have addressed the relation-back issue in the context of the statutes of limitation established by Federal Rule of Bankruptcy Procedure 4007(c) or the similarly-worded Rule 4004.  In *In re Riggert*, the plaintiff's original complaint discussed a debtor's home refinancing transaction that took place in 2007.  399 B.R. at 459.  The proposed amended complaint, however, alluded to several other incidents that took place in other years, including a 2004 refinancing of the debtor's homestead and the debtor's redirection of a real estate commission in 2005.  *Id.* at 459-460.  The court held that the amended complaint could not relate back under Rule 15(c) because the transactions in the amended complaint were not the same conduct or transaction addressed in the original complaint.  *Id.* at 460.[6]  For similar reasons, the court in *In re Heaton*  ruled that an amended complaint did not relate back to the filing of the original complaint.  *Regal Fin. Bank v. Heaton (In re Heaton)*, No. 10-04085 AJ, 2010 WL 4864811, at *2 (Bankr. N.D. Cal. Nov. 28, 2010).  In that case, the original complaint described a transaction

---

[6] The court in *Riggert* ultimately concluded that it had no discretion to consider the amended complaint even if it did relate back because of the Supreme Court's decision in *Kontrick v.  Ryan*, 540 U.S. 443, 457-58 (2004).  *Riggert*, 399 B.R. at 463.  In that case, the Supreme Court held that the time constraints imposed by Rule 4004 were not jurisdictional.  *Kontrick*, 540 U.S. at 453.  It also suggested that any amended complaint offered after the expiration of the Rule 4004 deadlines would be untimely unless "equitable tolling or [some] other equity-based exception" applied.  *Id.* at 457-58.  That question was not properly before the court, however, and is therefore dicta.  This court will instead follow the Fifth Circuit's binding precedent in *Bercier*.  934 F.2d at 693 n.7.

14

involving a 2009 guaranty signed by the debtor that allegedly incorporated misrepresentations made in financial statements from 2008.  *Id.*  The amended complaint, however, stated "only one claim for relief, based entirely upon alleged fraud in [certain] 2006 financial statements . . . ."  Because the amended complaint relied on entirely different facts from the original complaint, it did not relate back under Rule 15(c).  On the other hand, the court in *Kerry* found that the allegations in the amended complaint related back to the original complaint where the defendant "admittedly and plainly had notice of both Plaintiffs' claim and the factual grounds supporting it from the complaint."  *Kerry*, 2011 WL 672244, at *5.

In denying leave to amend, the Dismissal Order stated that "[t]he earlier complaint did not provide 'fair notice' of the substantial factual supplementation that [Baker] now wishes to present with the able assistance of counsel."  Carter's objection to the motion to amend makes similar points, asserting that the "[t]here is not mention of any facts to support" the various causes of action in the second amended complaint.  In response, Baker argues that the second amended complaint is "merely an amplification of the same facts" in the original complaint.  She also emphasizes that the supplemental documents she attached to her original complaint provided additional facts describing the transactions that formed the basis of her challenge to the debtor's discharge.

The court construes Baker's original complaint, including the attached documents, to allege the following relevant facts:  (1) Carter owed $1,218,295.74 to Baker on two promissory notes; (2) Baker is an assignee of a Mass Mutual Life Insurance Policy; (3) Carter and Baker agreed that the policy was to serve as security for the repayment of the notes; (4) Carter borrowed

15

$692,758.18 on the policy; (5) Carter borrowed the money without permission from Baker; (6) Carter changed the interest rate terms on Baker's promissory notes at various times.

Baker's second amended complaint repeats these facts while adding several others.  Many of the new facts center around representations that Carter allegedly made to Baker, including those spelled out in paragraph 12:

> In order to induce investments and not to withdraw funds, [Carter] represented to [Baker] and others that "he was working hard to make your funds grow," "had a good year and expected earnings to remain the same (very good!)," and "the company has made it through [tough economic times] just fine." [Carter] made representations on how well the investments were doing, that the funds were invested in moneymaking and profitable businesses, and that [Baker]'s money and rate of return were secure. [Carter] encouraged [Baker] and others to keep their money invested with him rather than to withdraw it. [Baker] relied on these representations.

In paragraph 13, the second amended complaint also recites facts related to Baker's requests to withdraw the money she invested with Carter:

> On numerous occasions [Baker] requested her investment funds from [Carter]. [Carter] represented to [Baker] that he would provide the funds to her.  [Baker] did not receive any funds or an explanation for why she did not receive the funds.  In response to these requests, [Carter] offered inexplicable excuses like he had to sell some property first, or he would look into what he needed to do or similar words to that effect, but he never returned any of the funds.

Additionally, a final set of facts in paragraphs 15-21 describe the nature of Carter's business, including allegations about questionable investments and misuse of invested money.  The general thrust of these allegations is that Carter's businesses devolved into a means by which he could enrich himself and his family at the expense of investors.

16

The court agrees with Baker that her allegations relating to the life insurance policy in her second amended complaint relate back to those in her original complaint. Baker's statement in the original complaint that Carter borrowed on the policy without permission indicates more than a simple failure to repay; it suggests foul play on the part of Carter. Despite the plainly inartful nature of the original complaint, Carter would have been on notice that Baker was alleging some sort of fraud in relation to his borrowing against the policy. This was sufficient to put Carter on notice of the claims Baker now asserts under 11 U.S.C. § 523(a) related to that conduct. These include the claims in the following paragraphs to the extent they relate to Carter's conduct concerning the insurance policy: nos. 30, 32, 33, 36, 37, and 38(e). Those allegations properly relate back to the filing date of the original complaint.

The court, however, rejects the notion that the second amended complaint relates back in any other respect. For instance, paragraph 17 of the second amended complaint describes Carter "transferr[ing] to his daughter under highly questionable circumstances" a business that suffered significant losses. That allegation in no way arises out of the transactions or occurrences that Baker attempted to describe in the original complaint, namely Carter's failure to repay two promissory notes[7] and his misuse of the life insurance policy securing the notes. Likewise, the various other suspicious transfers of funds that Baker describes in paragraphs 18 through 21 do not appear to arise out of the transactions in the original complaint.

---

[7] Both the original complaint and the second amended complaint discuss Carter's failure to repay the promissory notes. Mere failure to repay a debt, however, is not a ground for objecting to discharge.

Whether the alleged misrepresentations about the status of Baker's investment funds arose out of the conduct, transactions, or occurrences in the original complaint is a closer issue that the court nevertheless resolves in favor of Carter.  Beyond the facts related to the insurance policy, the only relevant representations even alluded to in the original complaint are those in an April 20, 2009, letter Carter sent to Baker explaining why the interest rates on the notes had been reduced:

> Due to the recession all of us are presently facing, we at Charles Carter Company find it necessary to lower the interest rate we are paying on your account. We have been fighting this battle for months but as of May 1st 2009 your rate will be 3% per annum.
>
> No one knows what the future holds, but you can be assured that we will continue to do all we can to take advantage of every opportunity that comes our way.

The original complaint does not allege that the representations in the April 20 letter were false or fraudulent.  Rather, the original complaint and attached documents suggest impropriety only with respect to Carter's borrowing against the life insurance policy.  In this situation, the numerous alleged misrepresentations detailed in the second amended complaint cannot be deemed to arise out of what little improper conduct is alleged in the original complaint.  In other words, a single alleged misrepresentation cannot give rise to allegations of other misrepresentations made at different times about various aspects of Carter's business, such as those set forth in Paragraphs 12 and 13 quoted above.  Those misrepresentations are instead separate conduct that does not arise out of the misuse of the life insurance policy or the breach of the promise to pay on the notes.  In addition, the second amended complaint makes assertions related to the alleged misrepresentations, including that Baker relied on those misrepresentations, that Carter acted wilfully and maliciously, that Carter committed fraud as a fiduciary, and that Carter violated federal securities laws through

18

the misrepresentations.  Each of those allegations ultimately rests on misrepresentations separate from the ones alleged in the original complaint and, therefore, do not relate back to the filing of the original complaint.

In short, only the factual allegations and legal claims in the second amended complaint that involve the misuse of the life insurance policy properly relate back to the date the original complaint was filed.  The other allegations do not relate back to the filing of the original petition and are therefore untimely.  Because the untimely allegations should be dismissed, the court upholds the bankruptcy court's dismissal of those allegations with prejudice.[8]

III.   Conclusion

The bankruptcy court abused its discretion in denying Baker's motion for leave to amend, and therefore its decision on that motion is reversed.  The bankruptcy court's grant of Carter's motion to dismiss is reversed as to the claims concerning the insurance policy asserted in paragraphs 30, 32, 33, 36, 37, and 38(e) of Baker's second amend amended complaint. Otherwise, the bankruptcy court's decision on that motion dismissing with prejudice Baker's other claims is affirmed.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

---

[8] Here, leave to amend would not be proper because, to the extent the second amended complaint does not relate back to the filing of the original complaint, it is futile.  In these circumstances, therefore, leave to amend is unavailable.  *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009); *see Yee v. Baldwin-Price*, 325 F. App'x 375, 380 (5th Cir. 2009) ("Leave to amend may be denied on the basis of futility.").

19

SIGNED at Beaumont, Texas, this 22nd day of March, 2013.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE